**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALFONSO MENDOZA GARIBAY,<br><br>                                    Plaintiff,<br><br>v.<br><br>BULWARK CONSTRUCTION, INC.<br>dba RESIDENTIAL WALL SYSTEMS;<br>and DOES 1 to 50, inclusive,<br><br>                                    Defendants. | Case No.:  25cv3643-W-GC<br><br>**ORDER: (1) DENYING MOTION TO REMAND [DOC. 4]; AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 3]** |

Two motions are pending before the Court. Plaintiff Alfonso Mendoza Garibay ("Mendoza") moves to remand this case to the Superior Court of California, County of San Diego. Defendant Bulwark Construction, Inc. ("Bulwark") opposes. Bulwark also moves to dismiss the action with prejudice under Federal Rules of Civil Procedure, Rule 12(b)(6).

The Court must first establish federal jurisdiction before making any ruling. However, because both motions, and consequently also the jurisdictional inquiry, turn on the resolution of the question of preemption, the Court treats both analyses simultaneously. The Court decides the matter on the papers submitted and without oral

1

argument.  *See* Civ. L.R. 7.1(d.1).  For the following reasons, the Court **DENIES** Mendoza's motion to remand and **GRANTS** Bulwark's motion to dismiss.

## I.   BACKGROUND

This lawsuit arises out of an employment dispute between the parties. Mendoza was employed by Bulwark from February 2024 until his employment ended as a "plaster," a role which required performing plastering, wall preparation, and finishing work on construction sites. (*Compl.* [Doc. 1] at ¶8.) Mendoza was classified as a non-exempt, hourly employee and was initially paid $25 per hour but received subsequent pay increases during his employment. (*Id*. at ¶ 9.) He regularly worked 32–40 hours per week performing physically demanding work at multiple construction sites in San Diego County. (*Id*. ¶ 10.)

While employed, Bulwark alleges Mendoza was at times a member of the United Brotherhood of Carpenters and Joiners of America ("Union"). (*Ntc. of Removal* [Doc. 1] at ¶5.) Bulwark further alleges that both the Union and Bulwark were parties to a Collective Bargaining Agreement ("CBA") between the Pacific Rim Drywall Association and the Western States Regional Council of Carpenters. (*Remand Opp'n* [Doc. 7] at 8.) Mendoza contends the CBA was never provided to him, never produced in pre-litigation discussion, and never applied to him. (*Mtn. to Remand* [Doc. 4] at 4.)

On October 24, 2025, Mendoza filed a complaint in San Diego County Superior Court. (*Compl.* at 9–15.) The complaint alleges the following wage and hour claims against Bulwark: (1) Failure to Provide Meal Periods (Cal. Lab. Code §§ 512, 226.7); (2) Failure to Provide Rest Periods (Cal. Lab. Code § 226.7); (3) Failure to Pay Wages Due (Cal. Lab. Code §§ 201-203); and (4) Failure to Provide Accurate Wage Statements (Cal. Lab. Code § 226). (*Id.* at ¶¶18–44.) Bulwark removed the action to this Court on or around December 17, 2025. (*See Ntc. of Removal*.) Mendoza filed a motion to remand on December 24, 2025 (*See Mtn. to Remand*) and Bulwark opposed (*See Remand Opp'n*).

Bulwark also filed a motion to dismiss on December 24, 2025 (*Mtn. to Dismiss* [Doc. 3]), to which Mendoza opposed (*Mtn. to Dismiss Opp'n* [Doc. 6]).

On February 25, 2026, Mendoza filed a notice of related cases (*Ntc. of Related Cases* [Doc. 10]), and a notice of a pending motion to consolidate the related cases the next day. (*Mtn. to Consolidate* [Doc. 11].) Bulwark objected to the notice of related cases on March 4, 2026. (*Objection to Related Cases* [Doc. 12].)

## II.   LEGAL STANDARD

### A.   Motion to Remand

A federal court must order remand if it lacks subject matter jurisdiction over an action. *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). Under the longstanding well-pleaded complaint rule, federal jurisdiction is only proper when the plaintiff's complaint on its face shows that the cause of action is based upon federal law. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Federal jurisdiction cannot be predicated on "an actual or anticipated defense," nor can it rest upon "an actual or anticipated counterclaim." *Id*.

### B.   Motion to Dismiss

On the other hand, dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## C.    Preemption Under Section 301 of the LMRA

The "complete preemption" doctrine is an "independent corollary" to the well-pleaded complaint rule and states that once an area of state law has been completely preempted, any state law claims are considered from their inception to be federal claims and therefore arise under federal law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). The complete preemption corollary is applied primarily in cases raising claims preempted by Section 301 of the Labor Management Relations Act ("LMRA.") *Caterpillar Inc*, 482 U.S. at 393. Section 301 states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties.

29 U. S. C. § 185(a). The Supreme Court has held that the preemptive force of Section 301 is so powerful, it can entirely displace any state cause of action. *Caterpillar*, 482 U.S. 386 at 394. Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of Section 301. *Id*. (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*., 463 U.S. 1, 23 (1983)). The Court further specified that an application of state law is preempted by Section 301 only if such application requires the interpretation of a collective-bargaining agreement. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988).

To determine whether Section 301 preempts a given claim, and to ensure that it "extends only as far as necessary to protect the role of labor arbitration in resolving collective bargaining agreement disputes," courts apply a two-part test. *Curtis v. Irwin Industries, Inc.* 913 F.3d 1146, 1152. Under step one, courts ask whether the claim involves a right existing "solely as a result" of a collective bargaining agreement, rather than a right rising from state law. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). If the asserted claim is brought "purely to vindicate a right or duty

4

created by the CBA itself," the claim is preempted and the analysis ends there. *Id*. But if not, courts proceed to the second step and ask, "whether a plaintiff's state law right is substantially dependent on the analysis of [the CBA]," which turns on whether the claim cannot be resolved by simply "look[ing] to" versus "interpreting" the CBA. *Id*. at 1060. At the second step of this analysis, claims are preempted only if there is an active dispute over "the meaning of contract terms," such that the terms need to be interpreted. *Id*.

## III.    DISCUSSION

Here, the parties dispute whether the Court has federal question jurisdiction over Plaintiff's California Labor Code claims and, therefore, whether remand or dismissal is appropriate. The Court addresses the parties' initial arguments around the validity and effect of the CBA before analyzing the parties' Section 301 preemption arguments.

### A.    The CBA's Validity and Effect

Mendoza argues that the Court lacks federal question jurisdiction because Bulwark is "invoking a collective bargaining agreement that was never provided to Plaintiff, never served, never produced upon request, and never shown to govern Plaintiff's employment during the relevant period." (*Mtn. to Remand* at 3.) These arguments are without merit. Whether the CBA was provided, served, or produced in litigation has no bearing on its binding effect. What matters is whether Mendoza opted into the CBA as an employee.

As a threshold matter, the Court **GRANTS** Bulwark's request for judicial notice ("RJN") of the CBA and the related documents discussed below[1]. (*See Mtn. to Dismiss RJN* [Doc. 3-2].) Courts routinely take judicial notice of CBAs at the motion to dismiss phase, especially when reference to the CBA is required to resolve issues of preemption. *See, e.g., Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1193 (C.D. Cal. 2015) (taking judicial notice of a CBA that formed the basis for defendant's argument

---

[1] Bulwark's request for judicial notice also includes California Industrial Welfare Commission Wage Order 16 and a CBA Authorization form executed by Mendoza. (*See Mtn. to Dismiss RJN*.)

25cv3643-W-GC

that certain claims were preempted by the LMRA). Furthermore, Mendoza acknowledges that the Court may take judicial notice of the existence of the submitted documents. (*Mtn. to Dismiss Opp'n* at 5.)

Mendoza's arguments about the validity of the CBA are unpersuasive. First, Bulwark's request for judicial notice includes Mendoza's completed application to join the Union, agreement to pay dues, and executed authorization for "any and all" local unions affiliated with the Western States Regional Council of Carpenters to represent him in collective bargaining in "all matters pertaining to wages, hours and other terms and conditions of employment." (*RJN Ex. 3* [Doc. 3-2] at 44–49.) Bulwark's request also contains the executed CBA between Pacific Rim Drywall Association and the Western States Regional Council of Carpenters of the Union, the latter of which Mendoza authorized to represent him in collective bargaining negotiations. (*RJN Ex. 1* [Doc. 3-2] at 5–32.) Therefore, it is clear that Mendoza opted into the CBA.

Mendoza also argues that the Court cannot find federal question jurisdiction by way of Bulwark invoking Section 301 preemption because it is a defense and therefore does not appear in the complaint. (*Mtn. to Remand* at 5.) This argument misunderstands the law. Section 301 was created with an "extraordinary pre-emptive power" that circumvents the well-pleaded complaint rule. *Curtis*, 913 F.3d at 1152 (quoting *Taylor*, 481 U.S. at 65). As the Ninth Circuit has made clear, "a civil complaint raising claims preempted by Section 301 raises a federal question that can be removed to a federal court." *Id*. Thus, Mendoza's arguments that the Court may not look beyond the face of his complaint are unfounded.

**B.    Preemption Under Section 301 of the LMRA**

Mendoza's remaining two arguments broadly assert that his claims arise under state law independent of any CBA and that any operative CBA provision does not require interpretation. (*Mtn. to Remand* at 3–7.) In doing so, Mendoza argues that his claims are not preempted under steps one and two of the Section 301 preemption analysis. *Curtis*,

6

913 F.3d at 1152; *Burnside*, 491 F.3d at 1059. The Court analyzes each cause of action in turn.

### 1.      Failure to Provide Meal Periods

Mendoza asserts that Bulwark was required to provide a timely, uninterrupted 30-minute meal period for every work period exceeding five hours and it knowingly and willfully failed to do so. (*Compl.* at ¶19–20). Bulwark argues the meal period claim is exempted by California Labor Code section 512(e) and (f). The Court agrees.

California Labor Code section 512(a) provides that employers shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of no less than 30 minutes. Cal. Lab. Code §512(a). However, section 512(e) provides an exception, stating section 512(a) does not apply if:

> (1) the employee is covered by a valid collective bargaining agreement and (2) the valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

Cal. Lab. Code §512(e). Section 512(f)(1) states that section 512(e) applies to employees employed in a construction occupation. Cal. Lab. Code §512(f)(1).

Here, at all relevant times, Mendoza was employed in a construction occupation within the meaning of section 512(f). (*Compl.* at ¶¶8, 10.) In his complaint, he states that he was employed as a "plaster" which involved working at multiple construction sites during his employment. *Id*. Secondly, and as previously established, Mendoza's local union executed a valid CBA on his behalf. A review of the CBA shows that it meets the requirements of section 512(e) because it expressly provides for the conditions listed above. Article XIII and Appendix A provide for wages, hours of work, working conditions of employees, premium wages for overtime, and a regular hourly rate of pay that is at least 30 percent more than the state minimum wage. (*RJN Exhibit 1 ("CBA")* [Doc 3-2] at 23–24, 28–30.) Article XIII also expressly provides for meal periods for

25cv3643-W-GC

covered employees. (*Id.* at 23.) Article VII provides for final and binding arbitration of disputes arising from the agreement, including the meal period provision. (*Id.* at 15–18.)

By its terms, Section 512(a) does not apply to Mendoza, who is instead subject to the specific, negotiated terms of his CBA. His meal period protections thus exist "solely as a result of the CBA," and is therefore preempted under step one of the Section 301 analysis. *Curtis*, 913 F.3d at 1154.

### 2.    Failure to Provide Rest Periods

Mendoza also asserts that Bulwark was required to provide a paid 10-minute rest period for every four hours worked or major fraction thereof and it knowingly and willfully failed to do so. (*Compl.* at ¶26–27.) Bulwark argues the claim is covered by the CBA and is preempted by the first prong of the Section 301 analysis. The Court agrees.

Mendoza brings his rest period claim under Cal. Labor Code Section 226.7 (*Compl.* at ¶26), which prohibits employers from requiring employees to work during mandated meal, rest, or recovery periods. Cal. Labor Code Section 226.7(b). However, Industrial Wage Order 16, which is incorporated in Mendoza's CBA, provides exemptions of rest and meal period requirements for specified categories of employees, including construction employees. It states: "[t]his order shall apply to all persons employed in the on-site occupations of construction, including, but not limited to, work involving alteration, demolition, building, excavating, renovation, remodeling, maintenance, improvement, and repair work…." Cal. Code of Regs. 8 § 11160(1). Section 11 of the Wage Order then addresses rest periods and expressly exempts any employees covered by a valid CBA if the CBA provides equivalent protection. Cal. Code of Regs. 8 § 11160(11)(e).

Numerous cases in this circuit have held that if a CBA incorporates the terms of Wage Order 16 and provides a grievance resolution mechanism, then the plaintiff's rest period claims are preempted. *Zayerz v. Kiewit Infrastructure W.*, No. 16-CV-6405-PSG (PJW), 2018 WL 582318, at *4–5 (C.D. Cal. Jan. 18, 2018); *Rodriguez v. S E Pipeline Construction*, 2023 WL 9319043, at *4 (C.D. Cal. Dec. 1, 2023); *Rodriguez v. Gonsalves*

25cv3643-W-GC

*& Santucci, Inc*., No. 21-CV-07874-LB, 2022 WL 161892, at *4 (N.D. Cal. Jan. 18, 2022). The CBA here provides identical protection to Wage Order 16: Article XIII Section 2(e) incorporates Wage Order 16 in its entirety. (*CBA* at 24.) Furthermore, Article VII of the CBA provides a grievance procedure, stating that "the decision of the Arbitrator is final and binding upon the parties." (*Id.* at 18.) Consequently, the CBA provides equivalent protection and a final and binding grievance procedure. As a result, Mendoza's rest period claim is preempted under step one of the Section 301 analysis. *Curtis*, 913 F.3d at 1154.

### 3. Failure to Pay Wages and Provide Accurate Wage Statements

Lastly, Mendoza alleges that after his employment ended, Bulwark willfully failed to pay him all wages earned and unpaid for the missed meal and rest periods. (*Compl.* at ¶35.) He also alleges due to the failure to provide meal and rest periods, Bulwark failed to provide accurate itemized wage statements. (*Id.* at ¶40.) Bulwark asserts that the claims for failure to pay wages due and the failure to provide accurate wage statements are preempted because they are derivative of claims that are preempted by the LMRA. (*Remand Opp'n* at 14–15.) The Court agrees.

Due to the fact the meal and rest period claims are preempted, the derivative claims of failure to pay timely after employment and to provide accurate wage statements are also preempted to the extent they rely upon the prior claims. *Estrada v. Kaiser Found. Hosps*., 678 Fed. App'x 494, 497 (9th Cir. 2017) (finding that when a claim derives from a preempted claim, the derivative claim also fails); *Jimenez v. Young's Market Co*., LLC, No. 21-cv-02410-EMC, 2021 WL 5999082, at *13 (N.D. Cal. Dec. 20, 2021) ("Because overtime pay and meal periods claims are preempted, the derivative claims of failure to pay final wages and provide accurate itemized wage statements are also preempted."). The complaint states the unpaid wages are for missed meal and rest periods and also states that the itemized wage statements are inaccurate because they fail to reflect "all hours worked, overtime wages, or premium wages owed for missed meal and rest breaks." (*Compl.* at ¶¶35, 40.)

9

25cv3643-W-GC

As a result, the complaint establishes that the claims for failure to pay wages and failure to provide wage statements are derivative of the meal and rest period claims and are preempted for the same reasons illustrated above. *Estrada v. Kaiser Foundation Hospitals*, 678 Fed.Appx. 494, 497 (9th Cir. 2017) (finding that when a claim derives from a preempted claim, the derivative claim also fails).

### C.    Defendant's Motion to Dismiss

Bulwark has moved for the dismissal of all claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (*See Mtn. to Dismiss* at 2.)

Both the Supreme Court and the Ninth Circuit have instructed courts to dismiss claims found to be preempted by Section 301 of the LMRA if they are brought by an employee who failed to exhaust the applicable CBA's grievance and arbitration process. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983) (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650 (1965)) ("[A]n employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement"); *see Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1036–37 (9th Cir. 2016) (failure to exhaust, or allege valid excuse for failure to exhaust, a claim preempted by section 301 precludes pursuing that claim in court); *Marquez v. Toll Global Forwarding (USA) Inc.*, 2018 WL 3218102, at *3 (C.D. Cal. 2018), *aff'd*, 804 F. App'x 679 (9th Cir. 2020) ("If a claim is preempted by the LMRA it can be dismissed if the claimant failed to plead exhaustion of the grievance procedures set forth in the CBA.").

Bulwark alleges that Mendoza did not exhaust the CBA's grievance and arbitration process. (*Mtn. to Dismiss* at 17–18.) Mendoza does not contest this fact but instead argues that dismissing claims is an inappropriate remedy if he did not exhaust arbitration procedures. (*Mtn. to Dismiss Opp'n* at 6). Instead, Mendoza believes that if arbitration is required then the proper procedural vehicle to consider the issue would be a motion to compel arbitration and a stay of proceedings. (*Id.*) Mendoza misunderstands the rules governing Section 301 preemption.

10

As previously stated, courts are instructed to dismiss claims found to be preempted by Section 301 of the LMRA if they are brought by an employee who failed to exhaust the applicable CBA's grievance and arbitration process. *DelCostello*, 462 U.S. at 163; *see Kobold*, 832 F.3d at 1036–37. All four of Mendoza's claims are preempted, and because he has not alleged exhaustion of the CBA's grievance and arbitration provisions, the claims are dismissed with prejudice.

Furthermore, Mendoza argues that preemption is an affirmative defense and at the motion to dismiss phase, cannot be relied upon to warrant dismissal. (*Mtn. to Dismiss Opp'n* at 6). Generally, this is true. However, Section 301 of the LMRA is an exception to the well-pleaded complaint rule. *Curtis*, 913 F.3d at 1151–52.  Section 301 was intended to "fashion a body of federal common law to be used to address disputes arising out of labor contracts" and "is an essential component of federal labor policy." *Burnside*, 491 F.3d 1053, 1059 (9th Cir. 2007); *Curtis*, 913 F.3d at 1152. Accordingly, the Supreme Court has held that "[a] state rule that purports to define the meaning or scope of a term in a [labor] contract suit therefore is pre-empted by federal labor law." *Allis-Chalmers Corp. v Lueck*, 471 U.S. 202, 210 (1985). Section 301's "extraordinary pre-emptive power" "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Curtis*, 913 F.3d at 1152 (quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). "In other words, a civil complaint raising claims preempted by Section 301 raises a federal question that can be removed to a federal court." *Id*.

Mendoza also alleges that due to improper removal, he should be awarded attorney's fees and costs incurred in bringing the motion. (*Mtn. to Remand* at 5–6.) Attorney fees, however, are only appropriate under Section 1447(c) when the removing party had an objectively unreasonable basis for removal. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). The removal by Bulwark was not objectively unreasonable for the reasons discussed above. Therefore, fees and costs are not warranted.

25cv3643-W-GC

## IV.   CONCLUSION & ORDER

The doctrine of complete preemption renders the claims federal from their inception, and the Court consequently has jurisdiction over them. Because all claims are completely preempted, the Court **DENIES** Plaintiff Alfonso Mendoza Garibay's motion to remand. (*Mtn. to Remand* [Doc. 4].) Furthermore, preempted LMRA claims should be dismissed with prejudice if the claims are brought by an employee who failed to exhaust the grievance and arbitration procedures of the applicable CBA. Accordingly, the Court **GRANTS** Defendant Bulwark Construction's motion to dismiss all claims **WITH PREJUDICE**. (*Mtn. to Dismiss* [Doc. 3].)

**IT IS SO ORDERED.**

Dated:  April 27, 2026

_____
Hon. Thomas J. Whelan
United States District Judge

12

25cv3643-W-GC